UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JASON JERELL SMITH,        )
                             )
     Petitioner,         )     Civil Action No. 12-CV-5-HRW
                             )
v.                        )
                             )
GARY BECKSTROM, Warden,    )    **MEMORANDUM OPINION**
                             )       **AND ORDER**
     Respondent.       )

****   ****   ****   ****

Jason Jerell Smith is an inmate confined in the Eastern Kentucky Correctional Complex in West Liberty, Kentucky. Proceeding without counsel, Smith has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that state parole authorities improperly denied him early parole release. [D. E. No. 1]

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Smith is not represented by an attorney, the Court reviews his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts Smith's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is

complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

The Court has reviewed the § 2241 petition but must deny relief because Smith has not exhausted his state court remedies.

## BACKGROUND

On April 29, 2009, Smith was convicted two counts of theft in the Warren Circuit Court, and he is serving a five-year prison term.[1] His projected release date is January 9, 2017. [*Id.*] On November 17, 2011, the Kentucky Parole Board ("KPB") conducted a hearing to consider releasing Smith on parole on his eligibility date, December 1, 2011. [D. E. No. 1-1, pp. 1-2] The KPB denied parole to Smith and deferred for 24 months further consideration of his parole release, noting: (1) the seriousness of the offense; (2) prior felony conviction(s); (3) prior misdemeanor conviction(s); (4) poor institutional adjustment; and (5) a pending detainer. [*Id.*, p. 1] Smith's new parole eligibility date is December 2013. [*Id.*]

---

[1] See http://apps.corrections.ky.gov/KOOL/ioffres.asp?Inm=280198&Action=Detail&Pagenum=1 (last visited on September 19, 2012).

2

Smith asked the KPB to reconsider its decision, arguing that it had erroneously concluded that a detainer for "Escape Second Degree" had been lodged against him, and that the detainer had in fact been removed on October 13, 2011. [D. E. No. 1-4] Smith further argued that the KPB had erroneously determined that he had prior felony convictions, and that Section 4 of the "Reclassification Custody Form" [D. E. No. 1-4] substantiated that he had been convicted of no prior felonies. On December 16, 2011, the Office of the Parole Board denied Smith's request, finding that he presented no basis for reconsideration. [D. E. No. 1-3, p. 1] Smith states that he has not challenged the KPB's decision in any other court proceeding. [D. E. No. 1, p. 3]

Smith asks this Court to either grant him parole or "lower" his deferment date, (presumably, he means to advance the date on which the KPB will consider him for parole release). Smith also asks the Court to allow him to participate in any other parole hearing concerning him.

## DISCUSSION

The Court must deny Smith's § 2241 petition because he admits that he has not exhausted his claims challenging the KPB's decision in the state courts of Kentucky. Prior to filing a petition seeking habeas relief in federal court, under 28 U.S.C. § 2254, a state prisoner challenging the imposition or execution of his sentence must first exhaust his state court remedies. *Allen v. White*, 185 F. App'x 487, 490 (6th Cir.

3

2006); *Collins v. Million*, 121 F. App'x 628, 630-31 (6th Cir. 2005). State prisoners challenging adverse KPB decisions must exhaust their claims in state court before proceeding under 28 U.S.C. § 2254. *See Miracle v. Kentucky Dept. Of Corr.*, No. 2:09-140-WOB, 2009 WL 3367392, at *2 (E.D. Ky. Oct. 15, 2009); *Watkins v. Howerton*, No. 3:09-09-DCR, 2009 WL 982085, at *2 (E.D. Ky. April 13, 2009); *Meeks v. Martin County, Kentucky*, No. 06-219-GFVT; 2006 WL 2947885, at *3 (E.D. Ky. October 16, 2006).

Further, the Sixth Circuit has affirmed the dismissal of § 2241 petitions, such as the one Smith has filed, where the prisoners failed to first exhaust their state court remedies prior to seeking habeas relief in federal court. *Seaton v. Kentucky*, 92 F. App'x 174, 175 (6th Cir. 2004); *Carty v. Runda*, 966 F.2d 1451, 1992 WL 116018, at *1 (6th Cir. May 29, 1992) (Table). The state courts must have an opportunity to review Smith's challenges to the KPB's decision. *Miracle*, 2009 WL 3367392, at *2 (*citing Castillo v. Peoples*, 489 U.S. 346, 351 (1989)).

The Court will dismiss this proceeding without prejudice to permit Smith to pursue his claims in state court, but will advise Smith of two things. First, there is no liberty interest in the discretionary release of a prisoner prior to the expiration of his prison term, *Greenholz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), and Kentucky courts have long recognized this fact. *Phillips v. Stewart*

*v. Commonwealth*, 153 S.W.3d 789, 791-92 (Ky. 2005); *Phillips v. Com.*, __ S.W.3d __, 2012 WL 592246, at *1 (Ky. App. Feb. 24, 2012) ("Phillips had no liberty interest in parole, and the Parole Board could change its mind at any time prior to actual release. ... Thus, we agree with the Commonwealth that Phillips was not deprived of due process of law in this regard, and his arguments to the contrary are without merit.") Even if a prisoner has met certain relevant criteria entitling him to early release, a parole board is not *required* to release him prior to the expiration of his sentence. *Greenholz*, 442 U.S. at 7; *Belcher v. Kentucky Parole Bd.*, 917 S.W.2d 584, 587 (Ky. App. 1996).

Second, even if Smith is correct about the two alleged errors in the KPB's November 17, 2011, decision denying him parole release, the KPB listed other grounds for denying him parole release; *i.e.*, the seriousness of the offense of which he was convicted (theft), prior misdemeanor conviction(s), and poor institutional adjustment.[2] All of these factors, considered either independently or as a whole, might constitute grounds for denying early parole release under Kentucky law.

---

[2] For instance, the "Reclassification Custody Form" Smith provided reveals that he scored 2 points because two disciplinary reports were filed against him in a six-month period; that he scored 4 points in the "Escape History" category; and that he scored 7 points in the "Most Severe Disciplinary Report Received" category, which combined with a 3-point score for his age, resulted in a total classification score of 16 points. [D. E. No. 1-4]

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.    Jason Jerrell Smith's petition for a writ of habeas corpus [D. E. No. 1]

is **DENIED**; and

2.    The Court will enter an appropriate judgment.

3.    This matter is **STRICKEN** from the active docket.

This 28th day of September, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

6